IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

MUHAMMAD SULTAN, et al.,  )
        Plaintiffs,  )  2:09-cv-02158-GEB-EFB
     v.  )  ORDER DENYING DEFENDANTS'
          )  MOTION TO DISMISS[*]
DAVID ROARK, Director USCIS  )
Texas Service Center, et al.,  )
        Defendants.  )

     Defendants filed a motion to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants, however, do not address the 12(b)(6) dismissal standard nor do they differentiate their arguments brought under Rule 12(b)(6) from those brought under Rule 12(b)(1). Therefore, Defendants' conclusory references to Rule 12(b)(6) are disregarded, and to the extent that a ruling is required, that portion of the motion is denied. Further, for the reasons stated below, Defendants' motion to dismiss under Rule 12(b)(1) for lack of jurisdiction is also denied.

//

----

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

**I.   BACKGROUND**

Plaintiffs' complaint seeks to compel Defendants to act upon their "Form I-485" applications through which Plaintiffs seek to become lawful permanent residents of the United States. Plaintiff Muhammad Sultan is a native and citizen of Pakistan who was granted asylum in the United States on April 30, 2003. (Compl. ¶¶ 1, 5.) Muhammad Sultan's wife, Plaintiff Sarwat Sultan, and daughter, Plaintiff Madeeha Sultan, who are both also natives and citizens of Pakistan, were granted derivative asylee status. (Id. ¶¶ 6-7.)

After one year of physical presence in the United States, Muhammed, Sarwat and Madeeha Sultan each filed a Form I-485, Application to Register Permanent Resident or Adjust Status ("I-485 Application"), with United States Citizenship and Immigration Services ("USCIS") on July 2, 2004, seeking to have their legal status adjusted to that of permanent lawful residents of the United States. (Id. ¶ 21.) To date, however, USCIS has not acted on the Sultans' I-485 Applications. (Id. ¶ 23.)

Plaintiffs allege this delay contravenes Defendants' statutory "duty to act upon matters presented to them within a reasonable period of time." (Id. ¶ 24.) Plaintiffs seek a writ of mandamus ordering the FBI to promptly complete background checks on Plaintiffs and requiring USCIS to promptly adjudicate each Plaintiff's I-485 Application. (Id. ¶¶ 25, 28-29.)

Defendants declare that Plaintiff Muhammad Sultan's application file shows he was, and still is, a member of the Mohajir Quami Movement ("MQM") - a "Tier III" terrorist organization - rendering him, his wife and daughter "inadmissible" to the United States under various provisions of the Immigration and Naturalization

2

Act. (Micale Decl. ¶¶ 10-16, 24.) Defendants further declare that Plaintiffs' I-485 Applications are on hold in response to a March 26, 2008 memorandum from the Deputy Director of USCIS, which instructs "adjustors to withhold adjudication of cases . . . in which an applicant is inadmissible . . . for activities associat[ed] with a Tier III organization . . . ." (Id. ¶ 19.)

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High School, Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (citation omitted). With a factual challenge, the district court "need not presume the truthfulness of the plaintiffs' allegations." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Defendants' dismissal motion presents a "factual attack" since they have provided an affidavit and other documents in support.

## III. DISCUSSION

Defendants argue the court is without jurisdiction because various provisions of the Immigration and Naturalization Act ("INA")

3

preclude judicial review of Plaintiffs' claims; the Administrative Procedures Act ("APA") bars review of Plaintiffs' claims; and the Mandamus and Venue Act ("MVA") does not allow Plaintiffs to seek a writ of mandamus.  Plaintiffs counter the APA, 28 U.S.C. § 1331 and the MVA confer jurisdiction, and the INA does not strip the court of jurisdiction to review their claims.

**A.   Jurisdiction Under the INA**

Defendants raise several challenges to jurisdiction under the INA.

**1.  8 U.S.C. § 1252(g)**

Defendants argue that judicial review of Plaintiffs' claims is precluded by section 242(g) of the INA, which is codified at 8 U.S.C. § 1252(g) ("section 1252(g)").  Specifically, Defendants contend the decision to place Plaintiff Muhammad Sultan's I-485 Application on hold falls within section 1252(g)'s jurisdictional bar to judicial review. (Mot. to Dismiss 7:7-10.)   Plaintiffs rejoin that section 1252(g) does not preclude judicial review of their claims since Plaintiffs are not currently subject to removal, and therefore, section 1252(g) is inapplicable.  (Opp'n 16-26.)

Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to hear any cause or claim by or on behalf any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . .

8 U.S.C. § 1252(g).

Defendants rely primarily on the Supreme Court's decision in Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471 (1999)

("American Arab"), as support for their interpretation of section 1252(g). In American-Arab, the Supreme Court held that section 1252(g) deprived the Court of jurisdiction to hear plaintiffs' selective enforcement claim under which plaintiffs alleged they had been targeted for deportation because of their affiliation with a politically unpopular group. Id. at 487. The Court held that section 1252(g)'s jurisdictional bar to judicial review "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" Id. at 482 (emphasis in original). The Court further noted that these "three discrete actions" "represent the initiation or prosecution of various stages of the deportation process." Id. at 483.

Since Defendants have not initiated removal proceedings against Plaintiffs, section 1252(g)'s jurisdictional bar to judicial review is inapplicable and American-Arab does not suggest the contrary. See Khan v. Scharfen, No. 08-1398 SC, 2009 WL 941574, at *4 (N.D. Cal. Apr. 6, 2009) (stating that since "removal is not an issue, . . . section 1252(g) is . . . not a bar to th[e] Court's jurisdiction" over plaintiff's claim that the government unreasonably delayed in acting upon his I-485 application) (citing Kwai Fun Wong v. United States, 373 F.3d 952, 965 (9th Cir. 2004) for the proposition that "§ 1252(g) does not bar review of the actions that occur[] prior to any decision to 'commence proceedings'")); Ahmed v. Scharfen, No. C 08-1680 MHP, 2009 WL 55939, at *5 (N.D. Cal. Jan. 7, 2009) (finding that "a petition for adjustment of status . . . does not implicate the discretion to commence or not to commence removal proceedings" and therefore does not fall within section 1252(g)'s jurisdictional bar);

5

Liu v. Novak, 509 F. Supp. 2d 1, 8 (D.D.C. 2007) (holding that section 1252(g) does not preclude judicial review of claim to compel action on I-485 application since such a claim does "not involve any of the explicitly mentioned steps in the deportation process, or any aspect of the deportation process at all"). While Defendants argue section 1252(g)'s bar to judicial review should be interpreted broadly and applied outside the context of removal (Reply 2:5-3:7), the Ninth Circuit indicates otherwise in Wong, where it states that after "[American-Arab], we have narrowly construed § 1252(g)." Wong, 373 F.3d at 964. Therefore, this portion of Defendants' dismissal motion is denied.

**2.   8 U.S.C. § 1252(a)(2)(B)(ii)**

Defendants also argue that section 242(a)(2)(B)(ii) of the INA, codified at 8 U.S.C. § 1252(a)(2)(B)(ii) ("section 1252(a)(2)(B)(ii)"), also precludes judicial review of Plaintiffs' claims. Specifically, Defendants argue that since the decision to place Plaintiff Muhammad Sultan's I-485 Application on hold, was made in part, as a matter of USCIS discretion, that decision is unreviewable. (Mot. to Dismiss 9:2-7.) Plaintiffs respond, arguing section 1252(a)(2)(B)(ii) only precludes judicial review of "decisions or actions" and does not apply to "inaction."

Section 1252(a)(2)(B)(ii) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . , and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review -- . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

6

8 U.S.C. § 1252(a)(2)(B)(ii). Applications to adjust alien status are governed by 8 U.S.C. § 1255(a), which states: "The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."

"[T]he decision Plaintiff[s] ask[] the Court to review is not the grant or denial of [their] application[s] for adjustment; rather, it is the refusal to take any action on th[eir] application[s]." Khan, 2009 WL 941574, at *5. Therefore, section 1252(a)(2)(B)(ii) "does not divest the Court of jurisdiction over [Plaintiffs'] claim that Defendants must be compelled to take some action on [their] I-485 Application[s]." Saini v. United States Citizenship and Immigration Serv., 553 F. Supp. 2d 1170, 1175 (E.D. Cal. 2008); see also Ahmed, 2009 WL 55939, at *6 (rejecting defendants' argument that section 1252(a)(2)(B)(ii) barred judicial review of plaintiff's claim to compel decision on his I-485 application); Khan, 2009 WL 941574, at *5 (same); Gianni v. Curda, No. 2:07-CV-1478-GEB-KJM, 2008 WL 479991, at *1-2 (E.D. Cal. Feb. 19, 2008) (same); Houle v. Riding, No. CV-F-07-1266-LJO-GSA, 2008 WL 223670, at *4 (E.D. Cal. Jan. 28, 2008) (same); Dong v. Chertoff, 513 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007) (same).

Defendants also argue that the Ninth Circuit's opinion in Hassan v. Chertoff, 543 F.3d 564 (9th Cir. 2008), dictates that when a decision is made "in part, as a matter of discretion" it is unreviewable. The Ninth Circuit amended and superseded the Hassan decision on which Defendants rely after Defendants filed their brief, but the portion of the decision Defendants cite remains largely

unchanged. See Hassan v. Chertoff, 593 F.3d 785 (9th Cir. 2010) ("Hassan II"). In Hassan II, the Ninth Circuit held that the district court lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) to review a "denial of [an] adjustment of status application" since such "a determination [is] committed to the discretion of the Attorney General or the Secretary of Homeland Security." Hassan II, 593 F.3d at 789-90.

Hassan II, however, does not preclude judicial review of Plaintiffs' claims since the plaintiff in Hassan II was challenging the denial of his I-485 application, not the Government's delay in acting upon his application. See Ahmed, 2009 WL 55939, at *6 (rejecting government's reliance on Hassan where plaintiff challenged delay in processing I-485 application); Khan, 2009 WL 941574, at *5 (same). Therefore, the portion of Defendants' dismissal motion seeking to dismiss Plaintiffs' claims under section 1252(a)(2)(B)(ii) is denied.

**3.  8 U.S.C. § 1182(d)(3)(B)(i)**

Defendants also argue that "the Secretary's determination of whether or not to exempt a person or a group with which a person is affiliated from the INA's Tier III-based inadmissibility provisions is wholly discretionary and judicially unreviewable" under 8 U.S.C. § 1182(d)(3)(B)(i). (Mot. to Dismiss 11:15-19.) Plaintiffs' complaint, however, does not challenge any decision to grant or not grant Plaintiffs an "exemption" from the INA's "Tier III-based inadmissibility provisions." Defendants, therefore, have not shown that Plaintiffs' claims should be dismissed on this ground and this portion of their motion is denied.

//

### B.  Jurisdiction Under the APA

Defendants also argue the APA precludes judicial review of Plaintiffs' claims because they concern a decision committed to agency discretion.  Defendants further argue that because the INA is silent as to the time frame in which an I-485 application must be decided, the pace of adjudication is a discretionary determination that is not subject to judicial review.  (Mot. to Dismiss 13:17-21.)  Plaintiffs rejoin there is jurisdiction under the APA and 28 U.S.C. § 1331 since Defendants have a non-discretionary duty to process their I-485 Applications within a reasonable amount of time.  (Opp'n 9:13-12:20.)

While "the APA does not provide an independent basis for subject matter jurisdiction, a federal court has jurisdiction pursuant to 28 U.S.C. § 1331 over challenges to federal agency action as claims arising under federal law, unless a statute expressly precludes review."  Gallo Cattle Co. v. United States Dept. of Agric., 159 F.3d 1194, 1198 (9th Cir. 1998).  The APA mandates that "each agency shall proceed to conclude a matter presented to it" "within a reasonable time."  5 U.S.C. § 555(b).  Further, section 706 grants courts the power to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Relief under the APA, however, is limited to instances where an agency is alleged to have failed to take "a discrete agency action that it is required to take."  Hells Canyon Pres. Council v. United States Forest Serv., 593 F.3d 923, 932 (9th Cir. 2010) (quoting and citing Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004)) (emphasis in original).  The APA exempts from judicial review "agency action [that] is committed to agency discretion by law."  5 U.S.C. § 701(a)(2).

However, "the duty to act on [Plaintiffs' I-485 Applications] to adjust [their] status is mandatory, not discretionary." Ahmed, 2009 WL 55939, at *7; Saini, 553 F. Supp. 2d at 1176 (stating that "the duty to act on an [I-485] application . . . is not discretionary on the part of the USCIS"); Houle, 2008 WL 223670, at *4 (same); Gianni, 2008 WL 479991, at *2 (same). "The absence of a specified deadline within which action must be taken does not change the nature of USCIS' obligation from one that is ministerial [and mandatory] to a matter within the agency's discretion." Saini, 553 F. Supp. 2d at 1176 (citation omitted); see also Ahmed, 2009 WL 55939, at *7 (rejecting defendants' argument that lack of statutory time frame suggests a discretionary duty); Houle, 2008 WL 223670, at *5 (same); Gianni, 2008 WL 479991, at *2 (same). Since USCIS's duty to act upon Plaintiffs' I-485 Applications within a reasonable time is not discretionary, the APA does not preclude judicial review of Plaintiffs' claims. Therefore, the portion of Defendants' dismissal motion seeking to dismiss Plaintiffs' APA claims is denied.

### C. The MVA

Lastly, Defendants argue the court lacks jurisdiction to grant Plaintiffs' request for mandamus relief since "Plaintiff[s] have no clear right to immediate adjudication" of their I-485 Applications. (Mot. to Dismiss 18-19.) The MVA vests district courts with original jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim

is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (quotations and citations omitted). Mandamus cannot be used to compel or review "discretionary acts of officials." Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) (citations and quotations omitted). "Courts have consequently recognized that relief under the MVA and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a non-discretionary duty.  If the Court has jurisdiction [under] either the APA or the MVA, it need not address jurisdiction with respect to the other [statute]." Saini, 553 F. Supp. 2d at 1178 (quotations and citations omitted).  Since Defendants' motion to dismiss Plaintiffs' APA claims fails, their motion to dismiss Plaintiffs' request for mandamus relief under the MVA fails for the same reasons and this portion of Defendants' motion is denied. See id.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss Plaintiffs' complaint under Rule 12(b)(1) is DENIED.

Dated:  May 13, 2010

```
                          _____
                          GARLAND E. BURRELL, JR.
                          United States District Judge
```